**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

RECEIVED
USDC, CLERK CHARLESTON.SC

2014 FEB 10 P 1: 19

Kimberly Ferguson,                         )
                                            )
        Plaintiff,                          )
                                            )       Civil Action No. 5:13-15-RMG
        vs.                                 )
                                            )
Carolyn W. Colvin, Acting Commissioner      )
of Social Security,                         )       **ORDER**
                                            )
        Defendant.                          )
_____ )

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of Social Security denying her claim for Disability

Insurance Benefits ("DIB"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC,

this matter was referred to a United States Magistrate Judge for pre-trial handling. The

Magistrate Judge issued a Report and Recommendation ("R & R") on January 22, 2014,

recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 36). The

Commissioner has advised the Court that she does not intend to file objections to the R & R.

(Dkt. No. 39).

**Legal Standard**

        The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de*

*novo* determination of those portions of the Report and Recommendation to which specific

objection is made. The Court may accept, reject, or modify, in whole or in part, the

-1-

recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Magistrate Judge has ably described the factual and legal issues applicable to this appeal of the denial of Plaintiff's Social Security benefits. The record demonstrates that the Administrative Law Judge ("ALJ") inappropriately and inaccurately characterized an office note prepared by a physician's assistant to represent the opinion of Plaintiff's specialist treating physician, Dr. Edward Nolan, regarding Plaintiff's capacity to perform in the workplace. Moreover, in light of Plaintiff's well documented spinal abnormalities and associated problems with radicular pain and numbness, the Magistrate Judge is certainly correct that the actual

-2-

opinions of Dr. Nolan regarding Plaintiff's impairments and limitations are necessary to develop

a full and fair record. Therefore, the Court adopts the R & R of the Magistrate Judge as the order

of this Court, reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C.

§ 405(g), and remands this matter to the agency for further action consistent with this order.

     AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

February 10, 2014
Charleston, South Carolina

-3-